UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| QUINTARIUS HARRIS # 00503615, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:24-cv-01446 |
| v. | ) | |
| | ) | |
| WILLIAMSON COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Quintarius Harris has filed a pro se, in forma pauperis petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 8). He is currently serving a sentence of five years' imprisonment after entering a guilty plea of nolo contendere to one count of robbery.

As a preliminary matter, since filing his petition, Petitioner has been transferred to the Bledsoe County Correctional Complex (Doc. No. 11), whose warden is Brett Cobble. See https://www.tn.gov/correction/state-prisons/state-prison-list/bledsoe-count-correctional-complex.html (last visited Dec. 15, 2025). Thus, Brett Cobble is the proper Respondent. See 28 U.S.C. §§ 2242, 22423, Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("the person who has custody" over the petitioner is the proper respondent to a petition for writ of federal habeas corpus). Thus, the Clerk **SHALL** substitute Brett Cobble as Respondent in this action.

### I. PROCEDURAL HISTORY

On February 13, 2023, Petitioner and his co-defendants were indicted by a Williamson County Grand Jury of one count of aggravated robbery, theft of property, burglary – other than habitat or non public building, vandalism, and evading arrest. (Doc. No. 15-1 at 3-5). On August 30, 2024, Petitioner entered a guilty plea of nolo contendere to one count of the amended charge

1

of robbery. (Id. at 60-61, 71). Petitioner accepted the agreed-upon sentence of five years of incarceration as part of the agreement. (Id.) Pursuant to the agreement, all other indicted counts were nolled. (Id. at 62-69, 71).

Petitioner filed a pro se petition for post-conviction relief in the Williamson County Circuit Court. (Doc. No. 15-2 at 1-9). The post-conviction trial court denied post-conviction relief without an evidentiary hearing. (Id. at 15).

On December 10, 2024,[1] Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. (Doc. No. 1). By Order entered on March 3, 2025, the Court directed Respondent to file a response to the petition. (Doc. No. 8). On May 29, 2025, Respondent filed the pending Motion to Dismiss. (Doc. No. 16). Respondent asserts that Petitioner's sole claim has not been fully and fairly presented to the state court and, because the opportunity to do so has passed, the Court should dismiss the petition. (Id. at 1). Petitioner responds that he has demonstrated cause and prejudice to excuse the procedural default. (Doc. No. 20).

## II. REVIEW OF PETITION

A. Standard of Review

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Woodford

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. However, Petitioner did not provide the date on which he deposited his petition into the prison mail system. (Doc. No. 1 at 15). In any event, Respondent has not argued that the petition was untimely filed (see Doc. No. 17 at 2), and the Court received the petition on December 10, 2025, within a year of the denial of Petitioner's petition for post-conviction relief. (See Doc. No. 15-2 at 15).

2

v. Garceau, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). As the Supreme Court explained, the AEDPA "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." Burt v. Titlow, 571 U.S. 12, 19 (2013). The AEDPA, therefore, "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Id.

One of the AEDPA's most significant limitations on the federal courts' authority to issue writs of habeas corpus is found in 28 U.S.C. § 2254(d). Under the AEDPA, the court may grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405 (2000). Under Section 2254(d)(1), a state court's decision is "contrary to" clearly established federal law "'if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a [different result].'" Hill v. Curtin, 792 F.3d 670, 676 (6th Cir. 2015) (en banc) (quoting Lockyer v. Andrade, 538 U.S. 63, 73 (2003)). "Under the 'unreasonable application' clause of [Section] 2254(d)(1), habeas relief is available if 'the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Harris v. Haeberlin, 526 F.3d 903, 909 (6th Cir. 2008)). A state court's application is not unreasonable under this standard

3

simply because a federal court finds it "incorrect or erroneous"—instead, the federal court must find that the state court's application was "objectively unreasonable." Id. (quoting Wiggins v. Smith, 539 U.S. 510, 520-21 (2003)).

To grant relief under Section 2254(d)(2), a federal court must find that "the state court's factual determination was 'objectively unreasonable' in light of the evidence presented in the state court proceedings." Young v. Hofbauer, 52 F. App'x 234, 236 (6th Cir. 2002). State court factual determinations may be found unreasonable only "if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." Pouncy v. Palmer, 846 F.3d 144, 158 (6th Cir. 2017) (quoting Matthews v. Ishee, 486 F.3d 883, 889 (6th Cir. 2007)). "[I]t is not enough for the petitioner to show some unreasonable determination of fact; rather, the petitioner must show that the resulting state court decision was 'based on' that unreasonable determination." Rice v. White, 660 F.3d 242, 250 (6th Cir. 2011) (citing Byrd v. Workman, 645 F.3d 1159, 1172 (10th Cir. 2011)). As the Supreme Court has advised, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams, 529 U.S. at 410). Subject to Habeas Rule 7, review under Section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 182 (2011).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner

4

must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (citation omitted); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (the substance of the claim must have been presented as a federal constitutional claim). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the TCCA. Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). Claims that are not exhausted are procedurally defaulted and "ordinarily may not be considered by a federal court on habeas review." Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002).

A procedural default can occur in one of two ways. First, a procedural default may occur if the state court actually "relied on the procedural bar as an independent basis for its disposition of the case." Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). Second, if a petitioner fails to properly exhaust a claim in state court, and the claim can no longer be raised in state proceedings because of a failure to follow state procedure for presenting such a claim, the claim is technically exhausted (given that there is nothing additional the petitioner could do to obtain relief in state court), but a petitioner is not automatically entitled to present his claim on federal habeas review, as his claim is procedurally defaulted. Woodford v. Ngo, 548 U.S. 81, 126 (2006).

"In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review." Id. at 386. The burden of showing cause and actual prejudice to excuse defaulted

5

claims is on the habeas petitioner. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lucas v. O'Dea, 179 F.3d 412, 418 (6th Cir. 1999) (citing Coleman). A petitioner may establish cause by "show[ing] that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Objective impediments include an unavailable claim or interference by officials that made compliance impracticable. Id.

Constitutionally ineffective assistance of trial or appellate counsel may constitute cause. Murray, 477 U.S. at 488-89. Generally, however, if a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself have been presented to the state courts as an independent claim before it may be used to establish cause. Id. If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can be used as cause for the underlying defaulted claim only if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

Petitioners in Tennessee also can establish "cause" to excuse the procedural default of a substantial claim of ineffective assistance of trial counsel by demonstrating the ineffective assistance of post-conviction counsel in failing to raise the claim in initial review post-conviction proceedings. See Martinez v. Ryan, 566 U.S. 1, 5-6 (2012) (creating an exception to Coleman where state law prohibits ineffective assistance claims on direct appeal); Trevino v. Thaler, 569 U.S. 413, 429 (2013) (extending Martinez to states with procedural frameworks that make meaningful opportunity to raise ineffective assistance claim on direct appeal unlikely); Sutton v. Carpenter, 745 F.3d 787, 792 (6th Cir. 2014) (holding that Martinez and Trevino apply in Tennessee). The Supreme Court's creation in Martinez of a narrow exception to the procedural

default bar stemmed from the recognition, "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." Martinez, 566 U.S. at 13. In other words, Martinez requires that the ineffective assistance of post-conviction counsel occur during the "initial-review collateral proceeding," and that "the underlying ineffective-assistance-of-trial-counsel claim [be] a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." See id. at 13-15. Importantly, Martinez did not dispense with the "actual prejudice" prong of the standard for overcoming procedural default first articulated by the Supreme Court in Coleman.

To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." Perkins v. LeCureux, 58 F.3d 214, 219 (6th Cir. 1995) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the Supreme Court also has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Dretke v. Haley, 541 U.S. 386, 392 (2004) (citing Murray, 477 U.S. at 496). A petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) (internal quotation marks omitted) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). For a petitioner to "pass through the gateway" and be permitted to argue the merits of his defaulted claims, he must show "evidence of innocence so strong that a court cannot have

confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." Id. at 401 (internal quotation marks omitted) (quoting Schlup, 513 U.S. at 316).

With these principles in mind, the Court will turn to the examination of the sole claim raised in Petitioner Harris's petition for habeas relief.

B. Analysis

Petitioner raised only one claim in his petition: a double jeopardy claim. (Doc. No. 1 at 5).

Petitioner is not entitled to relief under Section 2254 because that claim is procedurally defaulted, and Petitioner has not demonstrated cause and prejudice to excuse the default. Neither does Petitioner assert that a fundamental miscarriage of justice will occur if the Court does not excuse the default and review this claim on the merits. This claim is therefore barred from review in this Court. In any event, even if Petitioner had demonstrated cause and prejudice to excuse the default of his double jeopardy claim, the claim would fail on its merits.

Petitioner alleges that a double jeopardy violation occurred when he received a second capias warrant for a theft unrelated to those thefts indicted in the indictment relevant here. (Id. at 5, 7). He alleges that he was not formally arrested for the second theft, did not have a preliminary hearing on the second theft, and was not arraigned on the second theft at the time he received the capias. (Id. at 7) ("I received another capias warrant here at the jail for another theft property from Franklin pd officer for a whole different [illegible] that supposingly [sic] happened in Franklin 29 days prior to my arrest that I have no knowledge of until this day again with this capias warrant. I was never arrested booked either had an arraignment of preliminary for this case. Just issued a capias warrant, no affidavit or [illegible] seen for this case.").

Petitioner did not raise this claim during his post-conviction proceedings. (See Doc. No. 15-2 at 1-10). Indeed, the petition does not appear to raise any claims.[2] (Id.) His post-conviction attorney filed a "Notice of No Amended Petition" after being appointed,[3] which states that "'[c]ounsel has properly investigated all potential claims and interviewed relevant parties to the Defendant's claim and has found that there is not a colorable claim and thus filing an amended petition would be considered a frivolous petition by this Court.'" (Doc. No. 15-2 at 15) (quoting original order). Consequently, Petitioner has defaulted the claim for purposes of federal habeas corpus review. 28 U.S.C. § 2254(c); Coleman, 501 U.S. at 732. As noted above, the Court can only review a defaulted claim if Petitioner establishes cause for the default and actual prejudice or if the Court's failure to address the claim would result in a fundamental miscarriage of justice.

In his Response to Respondent's Motion to Dismiss, Petitioner alleges that he has demonstrated cause and prejudice to excuse the procedural default[4] of the sole claim raised in his habeas petition. (Doc. No. 20). As cause, Petitioner alleges that trial counsel failed to file an appeal even though Petitioner directed him to do so "by any necessary means", trial counsel "withheld all of Petitioner's case-file" that prevented Petitioner from being able to file a direct appeal, trial

---

[2] In the section "Grounds for Petition", Petitioner checked "(12) Other grounds" but did not provide any additional information. (Doc. No. 15-2 at 5-6).

[3] The Court notes that the Order denying Petitioner's post-conviction petition references a document entitled "Notice of No Amended Petition", which appears to have been filed by Petitioner's appointed post-conviction lawyer. (Doc. No. 15-2 at 15). The "Notice of No Amended Petition" was not included in the state-court record filed by Respondent. In the Court's opinion, this document is relevant to the instant petition. However, the Court finds it unnecessary to order Respondent to provide the document because the Court can infer from Judge Hood's Order what the document said and, more importantly, finds that Petitioner is not entitled to relief on the sole claim of the instant habeas petition, were Petitioner's procedural default excused.

[4] Petitioner also argues that "his late filed Petition can be rescued under the Equitable Tolling Doctrine" (see Doc. No. 20 at 1), but Respondent has not argued that Petitioner's petition was untimely filed and, from the record before the Court, it does not appear that the petition was late.

9

counsel "ignored and failed to respond to Petitioner and his family," and the staff at Petitioner's site of incarceration "totally failed in providing any necessary and fundamental assistance for the inmates' legal needs . . . . ," which prevented Petitioner from being able to file an appeal. (Doc. No. 20 at 2-6). Petitioner alleges that he has demonstrated prejudice because he is "time-barred and . . . defaulted" from bringing his federal habeas claim. (Id. at 4).

Even if Petitioner had demonstrated cause and prejudice to excuse the procedural default of his double jeopardy claim,[5] the claim fails as a matter of law. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977).

By Petitioner's own admission, his double jeopardy claim is based on two distinct and different thefts that are unrelated to each other. (See Doc. No. 1 at 5-7). Plaintiff states that he "received another capias warrant here at the jail for another theft property from Franklin pd officer for a whole different [illegible] that supposingly [sic] happened in Franklin 29 days prior to [his] arrest that [he] ha[s] no knowledge of until this day again with this capias warrant." (Id. at 7) (emphasis added).[6] Petitioner's own statements therefore show that the two thefts were distinct as

---

[5] Because the claim fails on its merits, the Court need not undertake the cause and prejudice analysis herein.

[6] Petitioner's double jeopardy claim may stem from a misunderstanding of the charges on which he was indicted. On February 13, 2023, Petitioner was indicted on charges of aggravated robbery, theft of property, burglary – other than habitat or non public building, vandalism, and evading arrest in Case No. H CR230086. (See Doc. No. 15-1 at 2-3). In his federal habeas petition, Petitioner alleges that he was initially booked on charges of "aggravated, robbery, vandillism [sic] over $10,000" and later "received a grand jury capias . . . for a theft of property $60,000 to 250,000." (Doc. No. 1 at 5). Petitioner states "it was as if [he] had been indicted for a new offense

they occurred on different days (29 days apart) and involved "whole different" property. (Id.) Thus, there could be no double jeopardy violation here. See Blockburger v. United States, 284 U.S. 299, 301-02 (1932). Consequently, even if the Court assumes that Petitioner has demonstrated cause and prejudice to excuse the procedural default of his double jeopardy claim, the claim nonetheless fails on the merits. The sole claim of the petition must be dismissed.

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (Doc. No. 16) is **GRANTED**, the petition is **DENIED**, and this action is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 2244(d)(1).

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or

---

that [he] had no knowledge of." (Id.) In another section of his petition, Petitioner states, "4 day[s] before my first grand jury appearance . . . I had been indicted for a new offense . . . ." (Doc. No. 1 at 5). Petitioner appears to be referring to the charge of theft of property for which he already had been indicted. Even if the Court assumes for purposes of analyzing the double jeopardy claim that Petitioner is referring to a different theft charge (perhaps one charged in Case No. H CR 230316 D, referenced in Plaintiff's guilty plea, the documents of which are not part of the record in this case), his double jeopardy fails for the reason stated above. That is, the two thefts at issue are distinct, not successive prosecutions for the same offense after acquittal or conviction, or multiple punishments for the same offense.

provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the Court's decision to dismiss the sole claim in the petition as procedurally defaulted without cause or, alternatively, to dismiss the claim on the merits, the Court **DENIES** a COA.

This Order constitutes final judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE